## Ramon AMADOR–BRACAMONTES, Petitioner,

v.

## Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72583.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Alejandro Garcia, City of Commerce, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Ramon Amador–Bracamontes, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision adopting and affirming the immigration judge's denial of his applica-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion for cancellation of removal. He contends that his return to Mexico in 1991 did not prevent him from satisfying the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

We reject respondent's contention that Amador–Bracamontes failed to exhaust administrative remedies. He raised the voluntary return issue in his brief to the Board. *See* 8 U.S.C. § 1252(d)(1); *Ladha v. INS*, 215 F.3d 889, 903 (9th Cir.2000).

Amador–Bracamontes testified that in December 1991 he went to Mexico for one day. When he attempted to cross back into the United States illegally, he was arrested by the border patrol, fingerprinted, and returned to Mexico. In his application for cancellation of removal he stated that his return was a "vol. departure."

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 972 (9th Cir.2003) (per curiam). When an alien is simply "turned around at the border" by immigration officials, however, his departure does not interrupt his continuous physical presence. *Tapia v. Gonzales*, 430 F.3d 997, 1002–04 (9th Cir.2005) (finding no interruption even when alien was fingerprinted and information about his attempted entry was entered into government's computer database).

This is a pre-*Tapia* case. On the record before us, we cannot determine whether Amador–Bracamontes received administrative voluntary departure under threat

of deportation or removal. We therefore grant the petition and remand for further proceedings concerning the nature of Amador–Bracamontes's contacts with immigration officials in 1991. *See Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir.2006).

**PETITION FOR REVIEW GRANTED; REMANDED.**